IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUIS A. DUTTON,<br>MIGUEL A. DUTTON,<br><br>      Plaintiffs,<br><br>      v.<br><br>SHANE WILSON, *et al.,*<br><br>      Defendants. | Civil Action No. 09-878<br><br>Judge McVerry<br>Magistrate Judge Bissoon |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that Plaintiff Miguel A. Dutton be dismissed from this case *sua sponte* and without prejudice, and that Plaintiff's Motion for Permissive Joinder (Doc. 15) and Motion to Amend his Complaint (Doc. 18) be denied.

### II. REPORT

Plaintiff, Luis A. Dutton, is a state prisoner who alleges that his constitutional rights were violated when Defendants subjected him to the use of excessive force on September 14 and 22, 2008, while he was incarcerated at the Potter County Jail. Plaintiff alleges that he was physically assaulted after he complained about racial slurs allegedly used by guards at the Jail during a visit by his fiancé and son. Dutton is proceeding *pro se*.

Plaintiff Luis Dutton purports to sue on behalf of his minor son, Miguel A. Dutton. Plaintiff, however, may not appear *pro se* on behalf of his minor child. Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991). Miguel Dutton should be dismissed from this lawsuit without prejudice.

Plaintiff Luis Dutton also seeks to join his fiancé, Beth Mertz, as a plaintiff in this civil rights action, apparently on the basis that she allegedly overheard some racially derogatory

remarks made by two of the Defendants. Federal Rule of Civil Procedure 20(a)(1) governs the permissive joinder of plaintiffs. While permissive joinder should be liberally granted, it is an issue within the sound discretion of the court. Miller v. Hygrade Food Prods. Corp., 202 F.R.D. 142, 144 (E.D.Pa. 2001). Where no claim is stated, joinder may be denied on the basis of futility. Ortiz v. Nancy, 2008 WL 857524 (M.D.Pa. March 27, 2008).

Luis Dutton does not indicate the nature of his Ms. Mertz's potential claim in this case, but Luis Dutton's claims are actionable pursuant to 42 U.S.C. § 1983. There is no constitutional claim stated premised upon statements made by state actors. Burkholder v. Newton, 116 Fed. Appx. 358, 360 (3d Cir. 2004). Mr. Dutton has not identified a valid claim that may be pursued by Ms. Mertz and, accordingly, the Motion for Permissive Joinder should be denied.

Finally, Plaintiff has filed a motion seeking leave to amend his complaint to include factual allegations that Defendant Wilson previously engaged in actions similar to those alleged in this case with respect to other prisoners (Doc. 18). While this evidence may be relevant and admissible with respect to Plaintiff's claim, there is no need to include such allegations in an amended complaint. The Motion to Amend (Doc. 18) should be denied without prejudice to Plaintiff's right to present relevant evidence during summary judgment proceedings and/or at trial.

### III.   CONCLUSION

For the reasons set out in this Report and Recommendation, it is respectfully recommended that Plaintiff Miguel A. Dutton be dismissed from this case *sua sponte*, and that Plaintiff's Motion for Permissive Joinder (Doc. 15) and Motion to Amend his Complaint (Doc. 18) be denied.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules for Magistrates, objections to this Report and Recommendation are due by November 30, 2009.


November 12, 2009                                            s/Cathy Bissoon
                                                             Cathy Bissoon
                                                             United States Magistrate Judge



cc:
**LUIS ANTONIO DUTTON**
Lackawanna County Prison
1371 North Washington Ave.
Scranton, PA 18509